IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Calvin Terrell Williams,<br><br>    Petitioner,<br>v.<br><br>Warden of Perry Correctional Institution,<br><br>    Respondent. | C/A No. 9:24-cv-457-JFA<br><br><br>**ORDER** |

I.  **INTRODUCTION**

Calvin Terrell Williams (Petitioner), proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On June 3, 2024, the Warden of Perry Correctional Institution (Respondent) filed a Motion for Summary Judgment. (ECF No. 19). On August 2, 2024, Petitioner filed a Response in Opposition to Respondent's Motion. (ECF No. 27). On January 29, 2025, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending this Court grant Respondent's Motion and dismiss the Petition with prejudice. (ECF No. 29). For the reasons discussed below, the Court adopts the Report and grants Respondent's Motion.[1]

---

[1] On March 20, 2025, Respondent filed a Motion for Extension of Time (ECF No. 36) to respond/reply to the Report. However, for the reasons discussed below, the Court adopts the

## II.	FACTS

The facts underlying the Petition, taken from the Report, are as follows:

Petitioner is incarcerated in the South Carolina Department of Corrections under orders of commitment from the Spartanburg County Clerk of Court. Petitioner was indicted at the April 2015 term of the Spartanburg County Grand Jury for armed robbery and bank robbery. (ECF No. 18-6 at 4). In May 2016, the Spartanburg County Grand Jury also indicted Petitioner for accessory before the fact to felony bank robbery *Id.* at 98.

Attorney Matthew W. Shealy represented Petitioner, and Solicitor Barry J. Barnette prosecuted the case. On June 6, 2016, Petitioner proceeded to a trial by jury before the Honorable Roger L. Couch, Circuit Court Judge (the "trial/sentencing court"). The jury found Petitioner guilty of bank robbery on June 8, 2016.[2] (ECF Nos. 18-1; 18-2). Petitioner had two prior armed bank robbery convictions from federal court in the District of South Carolina in 2003. At sentencing, both the State and defense counsel agreed this current conviction was a "serious" offense under S.C. Code Ann. Section 17-25-45, and Petitioner had at least two prior "serious offenses" under S.C. Code Ann. Section 17-25-45. The trial/sentencing court agreed. Pursuant to S.C. Code Ann. § 17-25-45 (South Carolina's "Two Strikes/Three Strikes" recidivist statute), the trial/sentencing court sentenced Petitioner to life imprisonment without the possibility of parole (LWOP). (ECF No. 18-2).

---

Report and grants Respondent's summary judgment motion. Therefore, Respondent's Motion for Extension of Time is dismissed as moot.

[2] The armed robbery indictment was dismissed nolle prosequi prior to trial. The accessory indictment was dismissed nolle prosequi after the jury convicted Petitioner of bank robbery.

### A. Direct Appeal

Petitioner appealed his conviction and sentence and was represented by Attorney Laura R. Baer by way of an *Anders* brief.[3] Petitioner raised the following issue in the *Anders* brief: Whether the trial court erred in denying Appellant's motion for directed verdict on the charge of accessory before the fact to bank robbery where the solicitor did not present any evidence that Appellant was solely an accessory and the presentation of both charges was confusing to the jury? Anders Br. at 1, *State v. Williams*, Appellate Case No. 2016-001276 (S.C. Ct. App. Filed Jan. 18, 2017). Counsel certified to the Court of Appeals that the appeal was without merit. Petitioner filed a *pro se* Response to the Anders brief. On October 18, 2017, the appeal was denied and dismissed by the Court of Appeals in an Unpublished Opinion. *State v. Williams*, Op. No. 2017-UP-395 (S.C. Ct. App. filed Oct. 18, 2017). The Remittitur was issued on November 3, 2017.

### B. Post-Conviction Relief (PCR) Action

Petitioner filed an application for post-conviction relief (PCR) on January 8, 2018 (C.A. #2018-CP-42-00057). In his PCR application, Petitioner claimed the following:

> 1. Ineffective assistance of counsel for failing to object to the State's notice of intent to seek life without parole pursuant to S.C. Code Ann. § 17-25-45 based on his prior federal convictions for armed bank robbery
>
> 2. Ineffective assistance of counsel for failing to properly argue to the trial court that the State failed to establish the element of entry into the bank for bank robbery

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

>   3. Ineffective assistance of counsel for failing to object to the State proceeding forward on both bank robbery and accessory before the fact to bank robbery in violation of S.C. Code Ann. § 16-1-50

(ECF No. 18-2 at 142–71).

Respondent made its Return on April 18, 2018. (ECF No. 18-2 at 173–178). The Honorable Grace G. Knie, Circuit Court Judge ("the PCR Court") presided over the evidentiary hearing held on June 18, 2018. (ECF No. 18-2 at 180–212). Petitioner was represented by attorney Susannah C. Ross, and Respondent was represented by Assistant Attorney General Megan H. Jameson. *Id.*

The PCR Court issued a written Order of Dismissal on August 6, 2018. (ECF No. 18-4 at 28–39). In the Order, the PCR Court recognized that Petitioner had raised, over Respondent's objections, two additional grounds at the evidentiary hearing:

>   1. Ineffective assistance of counsel for failing to require the State to reveal the co-defendant's plea offer; [and]
>
>   2. Ineffective assistance of counsel for failing to properly cross-examine the co-defendant regarding his prior inconsistent statements to law enforcement.

*Id.* at 30. The PCR Court denied relief on all grounds, finding that Petitioner's five claims of ineffective assistance of counsel "are clearly refuted by the record and testimony presented at the evidentiary hearing." *Id.*

Petitioner moved to alter or amend the judgment on August 17, 2018, arguing that the PCR Court's order of dismissal failed to sufficiently address his arguments that counsel was ineffective for failing to challenge his life sentence pursuant to S.C. Code Ann. § 17-25-45. (ECF No. 18-4 at 40–41). Respondent filed its return on September 24,

2018. (ECF No. 18-4 at 42–45). The PCR Court denied the motion to alter or amend by order filed September 28, 2018. (ECF No. 18-4 at 47–50).

### C. The PCR Appeal

Petitioner appealed the denial of PCR by way of a Petition for Writ of Certiorari (a merits brief) to the South Carolina Supreme Court, in which Petitioner raised the following issue:

> Whether the PCR court erred in denying relief, where two prior federal crimes were used against Petitioner to sentence him to life imprisonment without the possibility of parole, where the state served notice that it was seeking life without the possibility of parole, where those two crimes did not qualify as predicate offenses, and where trial counsel failed to object to the sentence of life without the possibility of parole?

ECF No. 18-7. Respondent filed a Return. (ECF No. 18-8).

The Supreme Court of South Carolina transferred the PCR appeal to the South Carolina Court of Appeals on October 1, 2019.[4] (ECF No. 18-9). The Court of Appeals granted certiorari and ordered briefing by both parties. (ECF No. 18-10). After briefing by both parties, (ECF Nos. 18-11 & 18-12), on December 30, 2023, the Court of Appeals dismissed certiorari as improvidently granted. (ECF No. 18-13). The Court of Appeals issued a remittitur on January 8, 2024, which was filed with the Spartanburg Clerk of

---

[4] Pursuant to Rule 243(l), SCACR, "The Supreme Court may transfer a case filed under this rule to the Court of Appeals."

Court on January 12, 2024. (ECF No. 18-14). Petitioner mailed his current petition for writ of habeas corpus to this Court on January 23, 2024.[5] (ECF No. 1).

### III. LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

---

[5] "The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court." *Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. Ct. App. 1994).

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report.[6] Accordingly, that standard is incorporated herein without a recitation.

### IV. DISCUSSION

Petitioner's habeas petition raises the following issues:

---

[6] As an initial matter, Petitioner argues that the Magistrate Judge misapplied the summary judgment standard because "the facts and governing law are in dispute." (ECF No. 35, pg. 2). However, Petitioner does not identify any specific factual and legal disputes supporting his objection. As discussed below, the record supports finding for Respondent on summary judgment. Accordingly, Petitioner's unsubstantiated objection is overruled.

>**Ground One**: Did the state court erred in using two federal offenses to enhance the petitioner sentence to LWOP
>
>**Supporting Facts**: Trial Counsel was ineffective for failing to make a contemporaneously objection to the state court using two federal offenses to enhance the petitioner state sentence to LWOP, which prejudice the petitioner; and the state court use unreasonable facts under 2254(d)(1), (2)
>
>**Ground Two**: Did the state court erred in constructive amend the petitioner indictment
>
>**Supporting Facts**: Trial Counsel was ineffective and prejudice the petitioner for failing to object to the trial court constructive amend the petitioner indictment, which change the nature of the offense

(ECF No. 1, pg. 5–9) (errors in original). The Magistrate Judge recommends dismissing Ground One, Ground Two, and the statement of supporting facts in Ground Two as procedurally defaulted from federal habeas review. (ECF No. 29, pgs. 13, 20–21). Petitioner objects to the Report, arguing that his "federal claims have been fairly presented to the state court through one PCR application." (ECF No. 35, pgs. 3–4).

The Magistrate Judge found that Ground One is procedurally barred "[t]o the extent Petitioner seeks review of the trial court's alleged error" because the issue was not raised at sentencing. (ECF No. 29, pg. 12).[7] Similarly, the Magistrate Judge found that Ground Two is procedurally barred because Petitioner failed to raise the objection at trial, on direct appeal, or in his PCR proceedings. *Id.* at 20. Finally, the Magistrate Judge found that the statement of supporting facts in Ground Two is procedurally barred because it was not fully adjudicated on the merits in state court. *Id.*

---

[7] The Magistrate Judge found, and Respondent concedes, that the ineffective assistance of counsel claim raised in the statement of supporting facts in Ground One is not procedurally barred.

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. *Smith v. Murray*, 477 U.S. 527, 533 (1986). This situation is sometimes referred to as procedural bypass, as the petitioner has "bypassed" his state remedies. In other words, procedural default/bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Procedural default/bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

South Carolina is an issue preservation state, meaning, "[a]t a minimum, [] an issue [must] be raised and ruled upon by the trial judge." *Herron v. Century BMW*, 395 S.C. 4612, 719 S.E.2d 640, 465 (2011) (holding that it is "axiomatic that an issue cannot be raised for the first time on appeal") (quotation omitted)*; see also Mahdi v. State*, 678 S.E.2d 807, 808 (S.C. 2009) (holding that because there was no objection to alleged sentencing error in the trial/sentencing court, no issue had been preserved for the appellate court's review).

After reviewing the record *de novo*, the Court finds that Petitioner's Ground One, Ground Two, and the statement of supporting facts in Ground Two are procedurally barred on federal habeas review. As for Ground One, there is no evidence that Petitioner raised the issue of his sentencing enhancement at the trial level. Further, Petitioner's

Ground Two is similarly barred, as there is no evidence that the issue was raised at the trial level and properly persevered for state appellate review.

Finally, although the ineffective assistance of counsel claim alleged in the statement of supporting facts in Ground Two was raised to and ruled on by the PCR Court, Petitioner failed to raise the issue in his Petition for Writ of Certiorari. *See Mahdi v. Stirling*, 20 F.4th 846, 893 (4th Cir. 2021) (noting "a claim is procedurally barred if the petitioner fails to raise it in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision") (cleaned up) (citation omitted); *Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding a petitioner's claim in his federal habeas petition was procedurally defaulted when he raised the claim in PCR but did not present it in his petition for certiorari filed with the Supreme Court of South Carolina); *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by state habeas trial court constitutes a procedural bar to further federal review of such claims."). The record indicates that Petitioner failed to appropriately raise Claim One, Claim Two, and the statement of supporting facts in Ground Two in state court. Therefore, the claims are procedurally barred on federal habeas review, and Petitioner's objection is overruled.[8]

---

[8] In the alternative, Petitioner argues the Magistrate Judge erred because "Petitioner [] established cause for a procedural default." (ECF No. 35, pg. 4). In limited circumstances, the Court may consider claims that have not been presented to the state's courts in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, after reviewing the record, the Court finds no circumstance justifying Petitioner's failure to properly raise his claims in state court. Notably, aside from generally stating he "established cause" sufficient to excuse a procedural

Next, Petitioner argues that the Magistrate Judge erred because the South Carolina Court of Appeals dismissed certiorari before holding oral arguments, resulting in an "unreasonable determination of fact." (ECF No. 35, pgs. 5–7). In other words, Petitioner believes that the Report is predicated on an incomplete factual record. However, generally, "[o]ral argument shall not be permitted" on certiorari to review post-conviction relief actions. Rule 243(j), SCACR.

Petitioner is correct that the Court of Appeals did not hold oral arguments before dismissing the Writ as improvidently granted. (ECF No. 18-13, pgs. 1–2). However, Petitioner did submit an extensive brief in support of his Petition for Writ of Certiorari. (ECF No. 18-11). Further, South Carolina Appellate Court Rules permitted Petitioner to file a Reply brief to the Respondent's Response in Opposition to Certiorari.[9] Petitioner implies that he had an inadequate opportunity to develop the record to support his PCR appeal. However, it is not entirely clear what evidence Petitioner could not present in his briefs that he would have otherwise at oral arguments. Moreover, it is equally unclear what additional evidence oral arguments would have revealed that Petitioner could not have presented in his habeas Petition for review by the Magistrate Judge. Accordingly, the Court finds that Petitioner had ample opportunity to support his PCR appeal, absent oral argument, and therefore, the Report is not in error.

---

default, Petitioner provides no facts to support this argument. Therefore, Petitioner's objection is overruled.

[9] The record indicates Petitioner did not file a Reply to Respondent's opposition memorandum.

Petitioner also argues that the Magistrate Judge erred because his "two prior convictions for federal bank robbery should have counted as a single sentence/strike under the sentencing guidelines." (ECF No. 35, pg. 6). Petitioner states, "The two convictions and sentences [were] handed down on the same day and the two offenses were not separated by an intervening arrest. The Federal Guidelines count the sentence as a single sentence/strike for criminal history purpose." *Id.* However, the Federal Sentencing Guidelines proscribe "the appropriate sentences for offender convicted of *federal crimes*." U.S. SENT'G COMM'N, GUIDELINES MANUAL Authority, Chapter 1, Part A. (Nov. 2023) (emphasis added). Although Petitioner's prior federal convictions influenced his state court sentence, the state sentencing court was not bound by the Federal Sentencing Guidelines. Therefore, Petitioner's objection is overruled.[10]

Finally, although it is unclear, Petitioner's remaining objections appear to contest the Magistrate Judge's recommendation to dismiss the claim asserted in the statement of supporting facts in Ground One. Without citing any specific error in the Report, Petitioner recites the summary judgment standard, his grounds for relief, the standard for granting a habeas petition, and requests that the Court review all his claims *de novo*. (ECF No. 35, pg. 4). Petitioner continues by submitting a series of incoherent ramblings of "overlooked and ignored evidence" that, like many of his objections, fail to elucidate his claims or in any way substantively address the Report. *Id.* pgs. 6–8. "Generally stated,

---

[10] Petitioner argues his case is akin to *U.S. v. McFalls*, 592 F.3d 707 (6th Cir. 2010). (ECF No. 35, pg. 6). However, in *McFalls*, the Sixth Circuit reviewed a district court's sentencing under the Federal Sentencing Guidelines. As explained above, the federal sentencing guidelines are not applicable to Plaintiff's state court sentence. Therefore, *McFalls* is not instructive.

nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007); *see also Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017) (finding a mere citation to legal authorities insufficient to constitute a specific objection). Here, Plaintiff's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Plaintiff feels has been reached in error. Thus, Plaintiff's remaining objections to the Report fail to show why his claims should not be dismissed.

## V.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 29). Accordingly, Respondent's Motion for Summary Judgment (ECF No. 19) is granted and the petition (ECF No. 1) is dismissed with prejudice. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[11]

[signature block on following page]

---

[11] A certificate of appealability will not be issued absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

March 11, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge